UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARLENE SATO
    Plaintiff,
vs.
NATIONAL CREDIT ACCEPTANCE, INC., and
NATHAN A. SCHWARTZ, P.A.
    Defendants,

## **COMPLAINT**
**(Jury Demand)**

### Introduction

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction

2. This Court has jurisdiction according to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d)

3. Declaratory relief is available according to 28 U.S.C. §§ 2201 and 2202.

### Venue

4. Venue in this District is proper, according to 28 U.S.C. §§ 1391, because the act occurred here.

### Parties

5. Plaintiff, MARLENE SATO, ("SATO") is a natural person residing at all relevant times in Miami-Dade County, Florida.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Defendant, NATIONAL CREDIT ACCEPTANCE, INC., is a corporation with its principal place of business in Sacramento, California.

8. Defendant, NATHAN A. SCHWARTZ, P.A., is a law firm with its principal place of business in Boca Raton, Florida.

9. The principal business of NATIONAL CREDIT ACCEPTANCE, INC. is the collection of consumer debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

10. The principal business of NATHAN A. SCHWARTZ, P.A. is the collection of consumer debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

11. Defendants NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS COMMON TO ALL COUNTS

12. On or about January 28, 2009, Defendants filed a two-count complaint in Broward County against SATO to collect a consumer debt, COUNT I titled "Contract/Confirmation of Arbitration Award" and COUNT II titled "Money Lent."

13. SATO disputed the notice and service of the Arbitration in her *pro se* answer to the lawsuit and moved to dismiss based upon the statute of limitations.

14. In response, on or about March 19, 2009, NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. filed a return of service of the Arbitration Claim (Notice of Arbitration, Summary of Account Information, and the Credit Card Agreement), which was fraudulent on its face.

15. The return of service was purported to be signed by Kevin Stone, who is not only not a registered process server in Florida, but also purports to have executed the

return of service under penalty of perjury on March 23, 2005 – three days **before** the purported delivery date of March 26, 2005.

16. NATIONAL CREDIT ACCEPTANCE knew or believed that the account went into default on or before October 29, 2004. See paragraph 3 of the Arbitration Claim.

17. The defaulted Arbitration Award was entered on or about May 9, 2005.

18. This action was not filed until January 28, 2009, well more than four years after this date plaintiff believed this action went into default, and more than three years after the date the Arbitration Award was allegedly delivered to 8360 NW 7th St., Pembroke Pines, FL 33024.

19. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. knew or should have known that the debt sought in its state-court lawsuit was barred by the statute of limitations, and continued to maintain the action after being notified by the *pro se* defendant SATO that this action was barred by the statute of limitations.

20. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. made no effort to determine the applicable statute of limitations, and filed a two-count action on the same purported account, both of which were barred by the statute of limitations of all jurisdictions having any bearing on the matter.

21. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. has no basis for asserting that any statute of limitations exists under which either of the two actions could have been brought.

22. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. knew that Delaware law was applicable because they had filed the MBNA

agreement with the unequivocal Delaware choice-of-law provision in both the Arbitration proceedings and in the state court proceedings.

23. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. have maintained the state court action against SATO for nearly an entire year on a debt barred by the statute of limitations causing SATO to needlessly appear in court numerous times in a county other than where she resided.

24. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. falsely asserted in an attempt to collect a consumer debt that $4,549.83 was lent to the defendant, while previously NATIONAL CREDIT ACCEPTANCE, INC. in the Arbitration Claim alleged that the credit card account balance was $3,049.57.

25. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. knew that neither NATIONAL CREDIT ACCEPTANCE, INC. nor its alleged successor in interest loaned SATO $4,549.83 on or before May 9, 2005.

26. SATO suffered loss of reputation, embarrassment, lost time, general stress and suffered marital stress as a result of the state court lawsuit, and eventually was required to retain an attorney to defend the matter and has suffered economic damages as she is liable for attorneys' fees due to NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. continued maintenance of the state court lawsuit.

27. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. knew or should have known that the return of service they filed into court was invalid and fraudulently made as the date of execution occurred before the dates of the alleged delivery.

28. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. committed their acts intentionally with the purpose of coercing SATO to pay the alleged debt.

29. As a result of the violation of the FDCPA, NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. are liable to SATO for declaratory judgment that its conduct violated the FDCPA and the FCCPA, and for actual damages, statutory damages, costs, and attorney's fees.

## COUNT ONE – FDCPA - UNFAIR AND DECEPTIVE FILING OF FRAUDULENT AFFIDAVIT

30. SATO incorporates paragraphs 1-29 by reference.

31. Defendants' act of filing the facially fraudulent return of service in an attempt to collect the debt violates the FDCPA, specifically 15 U.S.C. 1692e(10).

32. Defendants made a false representation by filing the return of service while it was false and invalid on its face.

WHEREFORE, Plaintiff prays for this Court to enter judgment against NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. for:

   A. Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202.

   B. Actual damages, According to 15 U.S.C. § 1692k(a)(1).

   C. Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A).

   D. Costs, According to 15 U.S.C. § 1692k(a)(3).

   E. Reasonable attorney's fees, According to 15 U.S.C. § 1692k(a)(3).

## COUNT TWO – FDCPA - FILING A TIME-BARRED ACTION ON AN ARBITRATION AWARD

33. SATO incorporates paragraphs 1-29 by reference.

34. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. violated 15 U.S.C. § 1692e and 1692f by filing the motion to confirm the arbitration award on January 28, 2009 after the period had expired to confirm the arbitration award entered and delivered on May 9, 2005.

35. Federal Law and Delaware Law both require arbitration awards to be confirmed within one year. See 9 U.S.C. § 9; 10 Del. C. § 5701.

36. Filing an action barred by the statute of limitations violates the FDCPA, because "it is *unjust* to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987).


WHEREFORE, Plaintiff prays for this Court to enter judgment against NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. for:

   A. Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202.

   B. Actual damages, According to 15 U.S.C. § 1692k(a)(1).

   C. Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A).

   D. Costs, According to 15 U.S.C. § 1692k(a)(3).

   E. Reasonable attorney's fees, According to 15 U.S.C. § 1692k(a)(3).

## COUNT THREE – FILING A TIME-BARRED ACTION ON MONEY LENT

37. SATO incorporates paragraphs 1-29 by reference.

38. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. violated 15 U.S.C. § 1692e and 1692f by filing a time-barred lawsuit on the action for money lent (Count Two).

39. It is clear from the face of the complaint that the cause of action arose before May 9, 2005, as paragraph 9 of the state court complaint.

40. The action below is not founded upon a contract in writing, and under Florida law would be barred by Florida Statute 95.11(3)(k).

41. Under Delaware law (the law purported to govern the account in both the state court action and the arbitration proceedings) the action would also be barred by 10 Del. C. § 8106.

WHEREFORE, Plaintiff prays for this Court enter judgment against NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. for:

A. Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202.

B. Actual damages, According to 15 U.S.C. § 1692k(a)(1).

C. Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs, According to 15 U.S.C. § 1692k(a)(3).

E. Reasonable attorney's fees, According to 15 U.S.C. § 1692k(a)(3).

## COUNT IV – MISCHARACTERIZING THE LEGAL STATUS AND AMOUNT OF A DEBT

42. SATO incorporates paragraphs 1-29 by reference.

43. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. falsely alleged that the predecessor in interest of NATIONAL CREDIT ACCEPTANCE, INC. had lent SATO $4,549.83.

44. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. false allegation was deceptive and unfair and violated 15 U.S.C. 1692e(2) and f(1).

45. NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. knew that the $4,549.83 was not loaned to SATO, and that the amount was inflated.

WHEREFORE, Plaintiff prays for this Court to enter judgment against NATIONAL CREDIT ACCEPTANCE, INC. and NATHAN A. SCHWARTZ, P.A. for:

A. Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202.

B. Actual damages, According to 15 U.S.C. § 1692k(a)(1).

C. Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs, According to 15 U.S.C. § 1692k(a)(3).

E. Reasonable attorney's fees, According to 15 U.S.C. § 1692k(a)(3).

## JURY TRIAL DEMAND

46. Plaintiff demands trial by jury.

Dated 1/20/2010

Erik Kardatzke, Esq.
Debt Defense, P.L. - A Law Firm
6915 Red Road, Suite 200
Coral Gables, Florida 33143
Tel. (305) 444-4323; Fax (305) 444-4107
legal@debtdefenselaw.com

By: Erik Kardatzke, Fla. Bar #: 17682